The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: September 30 2020

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-33023 |
| | ) | |
| Kimberly Lazelle Bailey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 19-03055 |
| | ) | |
| Douglas A. Dymarkowski, Trustee | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Darryl L. Boyd, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This cause is before the court on Plaintiff-Trustee Doug Dymarkowski's ("Plaintiff" or "Trustee") Motion for Summary Judgment ("Motion"). Plaintiff is the duly appointed Chapter 7 Trustee of the bankruptcy estate of debtor Kimberly Lazelle Bailey ("Debtor") in this adversary proceeding against Defendant Darryl L. Boyd ("Defendant"), Debtor's brother.

## JURISDICTION AND VENUE

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. §157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(H). Venue is proper pursuant to 28 U.S.C. §1409(a).

## FACTUAL BACKGROUND

On summary judgment the types of evidence the court may consider are governed, in part, by Federal Rule of Civil Procedure 56(c)(1)(A)-(B)[1], which states:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Federal Rule of Civil Procedure 56(c)(3) further provides that: "The court need consider only the cited materials, but may consider other materials in the record."

On or about September 21, 2011, Defendant purchased the following real property for $900 through a tax sale: 2039 Joffre Street, Toledo Ohio 43607 ("Joffre Property"). [Doc. #22, p. 3, ¶1; Doc. #22, Def. Ex. 1, p. 5].

Defendant had outstanding real estate taxes and could not transfer the Joffre Property to

---

1/ Formerly Fed.R.Civ.P. 56(e).

himself. [Doc. #22, p. 3, ¶1]. By quitclaim deed, Defendant deeded[2] the Joffre Property to Debtor. [*Id.*]. Defendant asserts that he called Debtor to get her permission to place her name on the deed that would transfer the Joffre Property to her. [*Id.*].

On or about January 2012, Defendant purchased the following property from Visio Limited *et al*. ("Visio Limited") through a Contract For Sale: 1104 Booth Avenue, Toledo, Ohio 43607 ("Booth Property") [Doc. #22, p. 3, ¶2; Doc. #22, Def. Ex. 3, pp. 7-9].[3] The Booth Property was transferred from Visio Limited to "HBI LLC," but Defendant avers he "never formally formed this LLC." [Doc. #22, p. 3, ¶2]. Subsequently, in October of 2012, HBI LLC quit-claimed the Booth Property to Debtor Kimberly Bailey. [Doc. #22, p. 14]. His Affidavit states that he made the transfer so that he could get utilities in his name. [Doc. #22, p. 3, ¶2].

In late July of 2017, a quitclaim deed was executed transferring the Booth Property from the Debtor, Kimberly Bailey, to the Defendant. [Doc. #22, p. 15; Doc. #22, p. 3, ¶2]. Defendant's Affidavit reflects that he prepared the Booth Property deed. [Doc. #22, p. 3, ¶2]. Defendant's Affidavit states that the Booth Property is worth about $5,000. [*Id.*].

The deed quit-claiming the Joffre Property back to Defendant was executed on July, 2, 2018. [Doc. #22, p. 3, ¶1]. Defendant's Affidavit reflects that he prepared the Joffre Property deed. [*Id.*]. Defendant's Affidavit states that the Joffre Property was gutted by fire and has no value. [*Id.*].

The February 1, 2020 printouts of the Auditor's Reports reflect that Darryl L. Boyd is the record owner of both the Joffre and Booth Properties, with Kimberly L. Bailey as the former owner. [Docs. ##17-3 & 17-4]. The "sale amount" for each property is listed as $10. [*Id.*].

---

2/ The deed transferring the Joffre Property to Debtor was not submitted by either party.

3/ The Contract for Sale provided in Defendant's Affidavit/Response is incomplete, appearing to only include the first two pages of the document and the signature page.

In his responses to the Trustee's Interrogatories, Defendant describes his interest in both the Joffre and Booth Properties as an ownership interest. [Doc. #17-5, p. 7, Q. #15, 16].

The Debtor filed for relief under Chapter 7 of Title 11 of the United States Code on or about October 1, 2018. [Case No. 18-3302, Doc. #1]. Debtor's Statement of Financial Affairs disclosed that prior to filing her bankruptcy case, the Debtor transferred the Joffre and Booth Properties to Defendant Darryl Boyd. [Case No. 18-3302, Doc. #1, pp. 38-39].

Plaintiff filed his complaint in this adversary proceeding seeking avoidance of the Debtor's transfer of the Joffre and Booth Properties described in Exhibits 17-1 and 17-2. [Doc. #1]. On January 28, 2020 this court entered an Adversary Proceeding Scheduling Order [Doc. #14], designating March 16, 2020 as the final day to file a motion for summary judgment, and April 3, 2020 as the final day to file any response. [Doc. #14, p. 2]. On February 17, 2020, Plaintiff filed their Motion for Summary Judgment. [Doc. #17].

Defendant filed a Motion to Extend Time to File a Response to Plaintiff's Motion for Summary Judgment on March 31, 2020. [Doc. #18]. This court granted Defendant's Motion and designated the final day for Defendant to file his response as May 15, 2020. [Doc. #19]. Defendant filed a second Motion to Extend Time to File a Response to Plaintiff's Motion for Summary Judgment on May 14, 2020. [Doc. #21]. That same day, Defendant filed a document labeled Filing of Affidavit of Defendant Darryl L. Boyd. [Doc. #22]. This court granted Defendant's motion [Doc. #21], and designated the final day for Defendant to file his response as June 5, 2020. [Doc. #23].

On June 23, 2020, this court set the matter for final telephonic hearing on July 14, 2020 at 3:00 p.m. [Doc. #25].

Plaintiff submitted the following in support of their motion for summary judgment:

1. A Quitclaim Deed, where Grantor, the Debtor, conveys and quitclaims to Grantee, the Defendant, all interest in Lot Numbers One Hundred Eighty-Nine(189) and One Hundred ninety (190) in parkside, a subdivision in the City of Toledo, Lucas County, Ohio, in accordance with Volume 27 of Plats, page 14, dated July 2, 2018 and recorded October 1, 2018. Recorded in the County Recorder for Lucas County. [Doc. #17-1].

2. A Quitclaim Deed, where Grantor, the Debtor, conveys and quitclaims to Grantee, the Defendant, all interest in LOT NUMBER TWO(2) IN BLOCK NUMBER 41 IN B. F. SAWYERS, S ADDITION TO THE CITY OF TOLEDO.LUCAS COUNTY. OHIO IN ACCORDANCE WITH VOLUME 19 OF PLATS, PAGE 13, dated July 28, 2017 and recorded July 31, 2017 in the County Recorder for Lucas County. [Doc. #17-2].

3. A copy of the Auditor's Report for 2039 Joffre Street, Toledo, Ohio 43607. [Doc. #17-3].

4. A copy of the Auditor's Report for 1104 Booth Avenue, Toledo, Ohio 43607. [Doc. #17-4].

5. Defendant's Answer to Plaintiff's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents. [Doc. #17-5].

The Defendant filed the following:

1. Affidavit of Defendant Darryl L. Boyd. [Doc. #22, pp. 3-4].

2. Forfeited Land Certificate of Sale attached as Exhibit 1. [Doc. #22, p. 5].

3. A Quitclaim Deed: where Grantor, the Debtor, quitclaims to Grantee, the Defendant, all interest in Lot Numbers One Hundred Eighty-Nine(189) and One Hundred ninety (190) in parkside, a subdivision in the City of Toledo, Lucas County, Ohio, in accordance with Volume 27 of Plats, page 14, dated July 2, 2018 and recorded October 1, 2018. Recorded in the County Recorder for Lucas County. This deed is attached as Exhibit 2. [Doc. #22, p. 6].

4. A Contract for Sale between Visio Limited, *et. al*. and Darryl Boyd attached as Exhibit 3. [Doc. #22, pp. 7-10].

5. A Special/Limited Warranty Deed, between EH POOLED 1010 LP, a Texas limited partnership, the Grantor, and HBI LLC, in which Grantor does hereby grant, bargain, sell and convey, in fee simple, with Special and/or Limited Warranty of Title, unto the Grantees, the following described lots, tracts or parcels of land: Property Address: 1104 Booth Ave, Toledo OH 43608. All that certain lot or parcel of land, lying, being and situated in the City/Township/Borough of TOLEDO, County of Lucas, and the State of OH to-wit: LOT NUMBER TWO(2) IN BLOCK NUMBER 41 IN B. F. SAWYERS, S ADDITION TO THE CITY OF TOLEDO.LUCAS COUNTY. OHIO

IN ACCORDANCE WITH VOLUME 19 OF PLATS, PAGE 13, dated January 13, 2012 and recorded February 24, 2012. Recorded in the County Recorder for Lucas County. Defendant attaches this as Exhibit 5. [Doc. #22, pp. 10-13].

6. A Quitclaim Deed, where Grantor, Defendant, conveys and quitclaims to Grantee, the Debtor, all interest in LOT NUMBER TWO(2) IN BLOCK NUMBER 41 IN B. F. SAWYERS, S ADDITION TO THE CITY OF TOLEDO.LUCAS COUNTY. OHIO IN ACCORDANCE WITH VOLUME 19 OF PLATS, PAGE 13, dated October 15, 2012 and recorded October 25, 2011 in the County Recorder for Lucas County. Defendant attaches this as Exhibit 5. [Doc. #22, p. 14].

7. A Quitclaim Deed, where Grantor, Debtor, conveys and quitclaims to Grantee, the Defendant, all interest in LOT NUMBER TWO(2) IN BLOCK NUMBER 41 IN B. F. SAWYERS, S ADDITION TO THE CITY OF TOLEDO.LUCAS COUNTY. OHIO IN ACCORDANCE WITH VOLUME 19 OF PLATS, PAGE 13, dated July 28, 2017 and recorded July 31, 2017 in the County Recorder for Lucas County. Defendant attaches this as Exhibit 6. [Doc. #22, p. 15].

Neither party objected to the exhibits offered by the opposing party under Federal Rule of Civil Procedure 56(c)(2). *See generally, In re LTC Holdings, Inc.*, 596 B.R. 797, 802 n. 14 (Bankr. D. Del. 2019)(discussing the 2010 amendments to Rule 56 streamlining the summary judgment process).

It should be noted that statements made in briefs are not facts that the court can consider in deciding a motion for summary judgment.[4] Accordingly, statements from the briefs that lack record support do not appear in the "Factual Background" section because they are not evidence the court can properly consider in deciding the Motion.

In their Motion, Plaintiff seeks summary judgment on Plaintiff's second and third claims of their Complaint to Avoid Fraudulent Transfer and Recover Property ("Complaint"), arguing that the transfer is subject to avoidance under (1) 11 U.S.C. §548(a)(1)(B), or (2) alternatively, §544(b). [Doc. #1, p. 6]. Plaintiff ultimately requests a judgment and Order that the transfers of

---

4/ *Duha v. Agrium, Inc*., 448 F.3d 867, 879 (6th Cir. 2006); *see also*, *Ragone v. Pizza Pan Elyria, LLC (In re Ragone)*, 2019 WL 2202941, *5, 2019 Bankr. LEXIS 1548, **13-15 (Bankr. N.D. Ohio May 21, 2019)(citing cases).

6

the Joffre and Booth Properties made to the Defendant, in the amount of $19,500 is avoidable and void, and for a judgment and order under 11 U.S.C. §§550 and 551 for Plaintiff to recover the value for the benefit of the estate. [*Id*.].

## LAW AND ANALYSIS

I. **Summary Judgment Standard.**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). The moving party can discharge its initial burden of proof by either coming forward with evidence showing the absence of a genuine issue of material fact, or by showing that there is no such issue by pointing out to the court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2554.

Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but...must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.* "The non-moving party, however, must provide more than mere allegations or denials ... without giving any significant probative evidence to support" its position. *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

**II.     Claim Two.**

Claim Two of the Complaint is brought under 11 U.S.C. §548(a)(1)(B). Section 548(a)(1)(B) addresses constructively fraudulent transfers. *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S.Ct. 883, 889, 200 L.Ed.2d 183 (2018)(citing *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994)). The Plaintiff has the burden of showing the applicability of the above provision. *Kovacs v. Berger (In re Berger)*, 2007 WL 2462646 at *3, 2007 Bankr. LEXIS 2884 at *7 (Bankr. N.D. Ohio Aug. 27, 2007).

    a.     Constructively Fraudulent Transfers Under Section 548.

Section 548 provides a statutory framework for avoiding a transfer as fraudulent in a bankruptcy case. Subsection 548(a)(1)(B) allows a trustee to avoid a constructively fraudulent transfer. Proof of a constructively fraudulent transfer does not require any proof of fraudulent intent.

Section 548(a)(1) provides, in pertinent part:

(a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(B)(i) received less than reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made. . .;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

8

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. §548(a)(1)(B).

    b.    <u>Analysis Under Section 548(a)(1)(B)</u>

First, Plaintiff must establish that there was a transfer of an interest of the debtor in property. The Bankruptcy Code defines "transfer" to mean "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property." 11 U.S.C. §101(54)(D). Plaintiff submits two quitclaim deeds with their Motion. [Doc. #17-1, p. 1; Doc. #17-2, p. 1]. Debtor executed both deeds, the first on July 28, 2017 [Doc. #17-2, p. 1], and the second on July 2, 2018 [Doc. #17-1, p. 1].

In *Finomore v. Epstein*, 18 Ohio App. 3d 88, 90-91, 481 N.E.2d 1193, 1196 (8th Dist. Ct. App. 1984), the court discussed quitclaim deeds under Ohio law:

> [A] quit-claim deed transfers only those rights which a grantor has at the time of the conveyance. *Jonke v. Rubin* (1959), 170 Ohio St. 41, 162 N.E.2d 116 [9 O.O.2d 387], at paragraph one of the syllabus. These rights include both adverse and beneficial equities existing at the time of conveyance. *Maher v. Cleveland Union Stockyards Co*. (1936), 55 Ohio App. 412, 9 N.E.2d 995 [9 O.O. 112], at paragraph five of the syllabus. A quit-claim deed does not warrant that the grantor has a free and clear or good title. *See* R.C. 5302.11. In fact, a conveyance by quit-claim deed puts the grantee on notice that there may be defects in the title. *Cook v. Dinsmore* (1891), 5 Ohio C.C. 385, 393–394; *cf. Dietsch v. Long* (1942), 72 Ohio App. 349, 366–369, 43 N.E.2d 906 [27 O.O. 294] (transfer by quit-claim deed does not put a grantee on notice of equities existing that are not of public record).

Under Ohio law, by executing the Quitclaim Deeds, Debtor transferred all of her interest in the Joffre and Booth Properties. *Id*., *see also*, *Dueck v. Clifton Club Co*., 95 N.E.3d 1032, 1050 (8th Cir. Ct. App. 2017). Accordingly, the deeds satisfy the definition of a "transfer" under

9

§105(54)(D) of the Bankruptcy Code as a mode of parting with property or an interest in property. Thus, there were "transfers" by quitclaim deed on or about July 28, 2017 and July 2, 2018.

However, Plaintiff must also establish the next element under the statute, that the debtor had an interest in the property transferred. This requires a showing that the property transferred was an interest "*of the debtor*" in property. 11 U.S.C. §541(a)(1)(B) (emphasis added). Plaintiff refers to the Quitclaim Deeds to establish that Debtor transferred her interests, whatever interest Debtor held, by executing the Deeds and conveying and quitclaiming her interests to Defendant.

"A trustee seeking to avoid a transfer carries the burden of proving each statutory element by a preponderance of the evidence." *Lisle v. John Wiley & Sons, Inc. (In re Wilkinson)*, 196 Fed. App'x 337, 341 (6th Cir. 2006); *see also*, *Harker v. Center Motors, Inc. (In re Gerdes)*, 246 B.R. 311, 313 (Bankr. S.D. Ohio 2000).

"The Bankruptcy Code does not define the phrase 'interest of the debtor in property' as used in section 548, but the Supreme Court has noted that '[p]roperty interests are created and defined by state law.'" *In re Mark Benskin & Co., Inc.*, 1995 WL 381741 at *6, 1995 U.S. App. LEXIS 16053 at *15 (6th Cir. June 26, 1995)(per curiam)(quoting 11 U.S.C. §548; *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)).

To determine whether there is an interest of the debtor in property under §548, the "Supreme Court has interpreted these statutes as including in a debtor's estate 'that property that would have been part of the estate had it not been transferred before the commencement of the bankruptcy proceedings.'" *Cannon v. J.C. Bradford & Co. (In re Cannon)*, 277 F.3d 838, 849 (6th Cir. 2002)(quoting *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 2263, 110 L.Ed.2d 46 (1990)). The Trustee has the burden of proof and must establish that the interest transferred was an interest of the debtor, as created and defined under Ohio law. *See, id.* at 849-50; *In re Mark Benskin &*

19-03055-jpg    Doc 28    FILED 09/30/20    ENTERED 09/30/20 14:15:35    Page 10 of 16

*Co.*, 1995 WL 381741, at *6, 1995 U.S. App. LEXIS 16053 at *15.

A quitclaim deed is a "deed that conveys a grantor's complete interest or claim in certain real property but that neither warrants nor professes that the title is valid." *Quitclaim Deed*, BLACK'S LAW DICTIONARY (11th ed. 2019). Thus, a quitclaim deed gives someone whatever interest the grantor owned without warranting that they own anything at all. Whether a quitclaim deed conveys title depends on whether the grantor possesses title because a quitclaim deed "transfers only those rights which a grantor has at the time of the conveyance." *Kamenar R.R. Salvage v. Ohio Edison* Co., 79 Ohio App. 3d 685, 689, 607 N.E.2d 1108 (3d Dist. Ct. App. 1992), quoting *Jonke v. Rubin*, 170 Ohio St. 41, 162 N.E.2d 116 (Ohio 1959), paragraph one of the syllabus; *see also*, *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 377 F.3d 592, 598 n.2 (6th Cir. 2004), *aff'd*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)("a 'quitclaim deed purports to convey only the grantor's *present interest in the land*, if any, rather than the land itself . . . If he has no interest, none will be conveyed.'" (emphasis in original)(citation omitted)).

Here, Plaintiff cites to the two Quitclaim Deeds. [Doc. ##17-1, 17-2]. While the Quitclaim Deeds convey whatever title the grantor had, standing alone they are not enough to prove title because the grantor could have conveyed no title at all. A quitclaim deed is not a muniment of title. A muniment of title is "[d]ocumentary evidence of title, such as a deed or a judgment regarding the ownership of property." *Muniment of Title*, BLACK'S LAW DICTIONARY (11th ed. 2019).

For the Booth Property, the evidence shows that Defendant purchased the property from "Visio Limited," which transferred it to HBI LLC. However, Defendant states that he "never formally formed this LLC." [Doc. #22, p. 3, ¶2]. Thus, it appears, when viewed in the light most favorable to Defendant (at least in terms of not granting the Motion for Summary Judgment), that

Visio Limited transferred the Booth Property to an entity that did not exist.

In considering a case where property had been transferred to a non-existent entity, Judge Whipple has held that:

> Under Ohio law, "[i]t is indispensable to the validity of a grant that the grantee be capable of receiving it and that both the grantee and the grantor be persons or entities in being at the time of the grant." *Thomas v. City of Columbus*, 39 Ohio App. 3d 53, 55, 528 N.E.2d 1274 (1987) (citing *Sloane v. McConahy*, 4 Ohio 157, 169 (1829)). The transfer of property to a non-existent grantee "is a mere nullity." *Muskingum Valley Turnpike Co. v. Ward*, 13 Ohio 120, 127 (1844); *Meta Brain/Mind Biomedical Research Found. v. Gorges*, No. 68686, 1995 WL 643804, *6, 1995 Ohio App. LEXIS 4884, *20 (Ohio App. Nov. 2, 1995) (holding that since grantee was neither a de facto nor a de jure corporation, it was incapable of holding title and any purported transfer of property was void).

*Swope v. Huntington Nat'l Bank (In re Devore)*, 2011 WL 2580117 at *3, 2011 Bankr. LEXIS 2499 at *9 (Bankr. N.D. Ohio June 27, 2011).

In *Devore*, as is the case here, no one "took any steps to complete the creation of the limited liability company after the execution of the deeds." *Devore*, 2011 WL 2580117 at *3, 2011 Bankr. LEXIS 2499 at *10.[5] Thus, it was held that "the quit claim deeds purporting to transfer title . . . are void, and title to the Subject Properties remained at all relevant times in [the grantee]." *Devore*, 2011 WL 2580117 at *4, 2011 Bankr. LEXIS 2499 at *11.

Accordingly, there appears to be a genuine issue of material fact as to whether there was ever a valid transfer from "Visio Limited" to Defendant. If the Booth Property transfer was a "nullity," because HBI, LLC did not exist (and has never existed) as a legal entity, then Defendant could not transfer any interest in the Booth Property to the Debtor, as he may have none. In turn, if the Debtor never had an interest in the Booth Property, then no "interest of the debtor in

---

[5] As discussed in *Devore*, the subsequent creation of the business entity, after the transfer create, "de facto" and/or "dejure" issues. However, because the evidence suggests that HBI LLC was never created, those issues do not arise in this case.

property" was ever transferred back to Defendant.

Thus, viewing the record in the light most favorable to the Defendant, the Motion for Summary Judgment as to the Booth Property will be denied.

Turning to the Joffre Property, the Defendant's First Affirmative Defense, asserted in his Answer, is that the Debtor only held the property in a "constructive trust" for him. [Doc. #4, p. 4]. The Answer states: "Defendant has been the true owner of these parcels of real estate, having placed them into a Constructive Trust in debtor's name. Defendant purchased the realty and was the true owner." [*Id.*].

In *XL/Datacomp v. Wilson (In re Omegas Group)*, 16 F.3d 1443, 1448-54 (6th Cir. 1994), the Sixth Circuit held that §541(d) will not operate to exclude from the bankruptcy estate property that is subject to an alleged constructive trust unless the constructive trust is declared by a court in a pre-petition court proceeding. Bankruptcy courts cannot impose constructive trusts.[6]

Since *Omegas Group*, the Sixth Circuit has recognized exceptions to this rule in limited circumstances. In *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192, 194, 197-99 (6th Cir. 1996), the Sixth Circuit held that the entry of a divorce decree by the state court before debtor's bankruptcy, awarding the ex-spouse a separate property interest, created a constructive trust. *Id.* at 194, 197. In a subsequent case, *In re Morris*, the Sixth Circuit recognized a constructive trust after determining that Ohio law automatically impressed the constructive trust. *Poss v. Morris (In re Morris)*, 260 F.3d 654, 669 (6th Cir. 2001).

In asking this court to find that there is a genuine issue of material fact regarding the existence and enforceability of a "constructive trust" on the Joffre Property, Defendant Darryl L.

---

6/ The Sixth Circuit noted the following, "[t]he bankruptcy court is a little like a soup kitchen, ladling out whatever is available in ratable portions to those standing in line." *Id.* at 1445. The Sixth Circuit also noted that "[b]ankruptcy courts have believed themselves justified in imposing constructive trusts and ladling out portions of debtors' estates' because they are traditionally 'courts of equity.'" *Id.* at 1448 (citation omitted).

Boyd offered only the following in his Affidavit:

1. I am the current owner of 2039 Joffre, Toledo, Ohio 43607. This Property was purchased for $900.00 at a tax sale in 2011 (See Exhibit "1"). I had it deeded to my sister. When I bid for the property I did not realize I had outstanding real estate taxes and I would not be able to take a deed in my name. I called my sister and got her permission to put the deed in her name. On July 2, 2018, I prepared a deed for my sister to transfer this property back to me (See Exhibit "2"). This property was gutted by fire before I purchased it and it has no value.

2. In January 2012, I purchased 1104 Booth, Toledo, Ohio 43607 for $5,095.00. I deeded it to HBI, LLC. I never formally formed this LLC (See Exhibit "3" and "4"). In October of 2012, I prepared a deed to transfer this property into my sister's name so that I could get utilities in my name (See Exhibit "5"). In July of 2017, I prepared a deed to transfer this property back into my name (See Exhibit "6"). This property is worth approximately $5,000.00.

3. I paid all of the purchase price for both properties and have paid real estate taxes and all other costs associated with these properties.

[Doc. #22, p. 3].

Even if taken as true, and viewed in the light most favorable to Defendant, the Affidavit does not state facts that would allow this court to find that a constructive trust has been imposed under Ohio law that would satisfy the requirements set forth in *Omegas Group*, *McCafferty*, and *Morris*.

Accordingly, for the Joffre Property, the court finds that the there was a transfer of an

19-03055-jpg    Doc 28    FILED 09/30/20    ENTERED 09/30/20 14:15:35    Page 14 of 16

"interest of the debtor in property."[7]

Under §548(a)(1), the transfer must have been "on or within 2 years before the date of the filing of the petition." For the Joffre Property, the Defendant has stated that: "On July 2, 2018, I prepared a deed for my sister to transfer this property back to me (See Exhibit "2")." [Doc. #22, p. 3, ¶1]. The Debtor's voluntary Chapter 7 Petition was filed on 10/01/2018. [Case No. 18-33023, Doc. #1]. Thus, the transfer was within two years of Debtor's bankruptcy.

There is also no issue regarding the absence of any value given by Defendant in exchange for the transfer of the Joffre Property. The Trustee's Complaint alleged: "That upon information and belief, the Transferred Assets were conveyed without an exchange for value, contemporaneous or otherwise." [Doc. #1, p. 2, ¶12.]. The Defendant admitted the allegation in Paragraph 12 of his Answer. [Doc. #7, p. 2, ¶12].

Similarly, Defendant has admitted in his Answer that the Debtor was insolvent at the time the transfer was made, meeting the requirement of §548(a)(1)(B)(ii)(I). [Doc. #1, p. 3, ¶25, Doc. #7, p. 3, ¶25].

Accordingly, the Trustee's Motion for Summary Judgment will be Granted in part. However, the proper form of the court's Judgment avoiding the Joffre Property transfer remains unclear. There is insufficient evidence to place a value on the property that was transferred, and the Complaint's prayer for relief [Doc. #1, p. 4] seeks a money judgment, not simple avoidance of the transfer and turnover of the Joffre Property for liquidation.

### III.  Claim Three

---

7/ Because the Defendant admits in his Affidavit that he called his sister "and got her permission to put the deed in her name" [Doc. #22, p. 3, ¶1] prior to the transfer of the Joffre Property, there does not appear to be any viable argument that there was no "delivery and acceptance" of the quitclaim deed. *See, Hayes v. DiSalle (In re Hayes)*, 293 B.R. 420, 423 (Bankr. N.D. Ohio 2002)(discussing acceptance of a deed where debtors conveyed title to daughter when daughter had no knowledge of conveyance).

Plaintiff seeks summary judgment on claim three of its Complaint. Section 544 of the Bankruptcy Code grants the Plaintiff the status, as of the start of the case, of a hypothetical creditor of the debtor, thus allowing the trustee to exercise those rights held by such creditor under applicable nonbankruptcy law.

The Ohio Uniform Fraudulent Transfer Act provides:

(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

O.R.C. §1336.05(A).

For essentially the same reasons set forth above, the court cannot find that Plaintiff succeeded in establishing that a transfer of interest occurred between Debtor and Defendant as to the Booth Property on Summary Judgment if Debtor had no interest in that property.

Under §548(a)(1), the court has found that Summary Judgment should be granted avoiding the transfer of the Joffre Property. Accordingly, the court will not undertake a full analysis of the issues under the Ohio statute because Plaintiff has prevailed under §548(a)(1).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment be, and hereby is, **GRANTED IN PART AND DENIED IN PART**.

It is **FURTHER ORDERED** that this matter is set for further pre-trial on the issue of the proper form of Judgment for the Trustee and/or how to value the Joffre Property and how to proceed with the portion of the Complaint relating to the Booth Property.